UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



------------------------------------------------------------x

Plasmart, Inc.,

    Plaintiff,

v.

As-Seen-On-TV-Products and Global Net Access LLC,

    Defendants.

------------------------------------------------------------x

07 CV 3617

CIVIL COMPLAINT



### The Parties

1.     Plaintiff is a Canadian Corporation with a principal place of business at 107- 42 Antares Dr, Ottawa, Ontario, Canada, K2E 7Y4.

2.     Defendant As-Seen-On-TV-Products, upon information an belief, is a Georgia business entity with a place of business at 3641-B Pierce Drive, Chamblee, GA 30341 and/or 18 Perimeter Park Drive, Suite 100, Atlanta, GA 30341.

3.     Defendant Global Net Access LLC, upon information and belief, is a Georgia Limited Liability Company with a place of business at 1100 White St. SW, Atlanta, GA 30310.

### Nature of the Action

4.     This action is brought in part under Lanham Act § 32, 15 U.S.C. § 1114.

5.     This action is brought in part under Lanham Act § 43(a), 15 U.S.C. § 1125(a).

6.     This action is brought in part under 17 U.S.C. § 501 et seq.

7. This action is brought in part for deceptive trade practices under Article 22-A of the New York General Business Laws, N.Y. Gen. Bus. Law § 349 et seq.

## Jurisdiction and Venue

8. Jurisdiction is proper under 28 U.S.C. §§ 1331 and 1338.

9. Jurisdiction for the state false advertising cause of action is proper under 28 U.S.C. § 1367.

10. Jurisdiction if further proper under N.Y.C.P.L.R. § 302(a).

11. Venue is proper under 28 U.S.C. § 1391(b)(2) and 28 U.S.C. § 1391(c).

## Facts

12. Plaintiff manufactures via contract manufacturer and sells at wholesale a children's ride-on toy branded as the "PlasmaCar." Pursuant to contracts between retailers and Plaintiff, retailers throughout the United States purchase at wholesale the PlasmaCar ride-on toy from Plaintiff for retail sale.

13. Plaintiff is owner of the registered trademark "PlasmaCar," registration no. 3,082,294 for ride-on toys in class 28.

14. The PlasmaCar ride-on toy has a distinctive appearance which has acquired distinctiveness through aggressive marketing, advertising, media coverage, word of mouth and sales.

15. Defendant As-Seen-On-TV-Products has sold ride-on toys under the name "PlasmaCar" that bear a confusingly similar resemblance to the distinctive appearance of Plaintiff's PlasmaCar ride-on toy. Upon information and belief, actual consumer confusion between the products has occurred as a result.

16. Defendant As-Seen-On-TV-Products' advertising and sale of ride-on toys under the "PlasmaCar" mark infringes Plaintiff's registered trademark rights in the "PlasmaCar" mark. Upon information and belief, Defendant As-Seen-On-TV-Products' infringement of Plaintiff's mark was intended to deceive consumers into the belief that Defendant As-Seen-On-TV-Products' ride-on toys were actually Plaintiff's ride-on toys.

17. Defendant As-Seen-On-TV-Products has advertised in the Southern District of New York and have sold infringing products there.

18. Upon information and belief, As-Seen-On-TV-Products operates at least one website, as-seen-on-tv-products.ws, through which Defendant As-Seen-On-TV-Products has offered for sale and sold its infringing ride-on toys. Defendant As-Seen-On-TV-Products has also sold its infringing product via Amazon.zom. Defendant As-Seen-On-TV-Products has used and continues to use on its website and Amazon.com web page materials copied literally and/or derivatively from Plaintiff's website, such materials belonging to Plaintiff and protected by copyright.

19. Defendant Global Net Access LLC is a hosting company presently hosting Defendant As-Seen-On-TV-Products' websites indicated in the preceding paragraphs. Defendant Global Net Access LLC has been notified of the infringing activities of Defendant As-Seen-On-TV-Products conducted via the website hosted by Defendant Global Net Access LLC. These notices have complied with 17 U.S.C. § 512(c)(3). Upon information and belief, Defendant Global Net Access LLC has acted in concert with Defendant As-Seen-On-TV-Products in connection with As-Seen-On-TV-Products' infringing activities

20. Defendant Global Net Access LLC has refused Plaintiff's demands to remove or disable access to the infringing web pages.

21. Defendant Global Net Access has not complied with the safe harbor provisions of 17 U.S.C. § 512.

### First Count
### Trademark Infringement

22. Plaintiff hereby incorporates the allegations of paragraph 1 through 21 as if stated fully herein.

23. Defendants have infringed Plaintiff's registered trademark in violation of Lanham Act § 32, 15 U.S.C. § 1114.

24. Defendants' infringing conduct has caused and is causing substantial and irreparable injury and damage to Plaintiff in an amount not capable of determination, and, unless restrained, will cause further irreparable injury, leaving the Plaintiff with no adequate remedy at law.

25. Plaintiff has been and continues to be irreparably harmed by Defendants' past and continuing violation of Lanham Act § 32, 15 U.S.C. § 1114.

### Second Count
### Trademark Counterfeiting

26. Plaintiff hereby incorporates the allegations of paragraph 1 through 21 as if stated fully herein.

27. Defendants' use of Plaintiff's registered trademark constitutes use of a counterfeit mark as defined by Lanham act § 34, 15 U.S.C. § 1116.

28. Defendants' use of the counterfeit mark has caused and is causing substantial and irreparable injury and damage to Plaintiff in an amount not capable of determination, and, unless restrained, will cause further irreparable injury, leaving the Plaintiff with no adequate remedy at law.

29. Plaintiff has been and continues to be irreparably harmed by Defendants' use of the counterfeit mark.

### Third Count
### Trade Dress Infringement

30. Plaintiff hereby incorporates the allegations of paragraph 1 through 21 as if stated fully herein.

31. Defendants by their actions have violated Lanham Act § 43(a), 15 U.S.C. § 1125(a).

32. Defendants' trade dress infringement has caused and is causing substantial and irreparable injury and damage to Plaintiff in an amount not capable of determination, and, unless restrained, will cause further irreparable injury, leaving the Plaintiff with no adequate remedy at law.

33. Plaintiff has been and continues to be irreparably harmed by Defendants' past and continuing violation of Lanham Act § 43(a), 15 U.S.C. § 1125(a).

### Fourth Count
### Copyright Infringement

34. Plaintiff hereby incorporates the allegations of paragraph 1 through 21 as if stated fully herein.

35. Defendants' conduct violates the exclusive rights belonging to Plaintiff under federal copyright law, including without limitation Plaintiffs' rights under 17 U.S.C. § 106.

36. Upon information and belief, as a direct and proximate result of their wrongful conduct, Defendants have realized and continue to realize profits and other benefits rightfully belonging to Plaintiff. Accordingly, Plaintiff seeks an award of damages pursuant to 17 U.S.C. §§ 504 and 505.

37. Defendants' copyright infringement has also caused and is causing substantial and irreparable injury and damage to Plaintiff in an amount not capable of determination, and, unless restrained, will cause further irreparable injury, leaving the Plaintiff with no adequate remedy at law.

38. Upon information and belief, Defendants have willfully engaged in, and are willfully engaging in, the acts complained of with oppression, fraud, and malice, and in conscious disregard of the rights of Plaintiff. Plaintiff is, therefore, entitled to the maximum damages allowable.

## Fifth Count
## Deceptive Trade Practices

39. Plaintiff hereby incorporates the allegations of paragraph 1 through 21 as if stated fully herein.

40. Defendants have engaged and continue to engage in deceptive trade practices in the course of selling and/or advertising products within the State of New York. Such deceptive trade practices contravene Article 22-A of the New York General Business Laws, N.Y. Gen. Bus. Law § 349 et seq.

41. Plaintiff has been and continues to be irreparably harmed by Defendants' past and ongoing deceptive trade practices.

## Prayer for Relief

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in favor Plaintiff:

    a.    Awarding actual damages to Plaintiff in an amount to be determined;

    b.    Awarding exemplary damages to Plaintiff in an amount equal to three times the actual damages and profits awarded;

    c.    Ordering an accounting of Defendants' profits and awarding the amount of such profits to Plaintiff;

    d.    Awarding Plaintiff its costs and attorneys' fees;

    e.    Permanently enjoining Defendants from offering for sale or selling any ride-on toy which infringes Plaintiff's trade dress;

    f.    Permanently enjoining Defendants from offering for sale or selling any ride-on toy which infringes Plaintiff's registered trademark;

    g.    Permanently enjoining Defendants from future violations of Plaintiff's copyrights; and

h.  Providing all other equitable relief that the Court deems just and proper.

        Respectfully submitted,
        Plasmart, Inc.,
        by its attorney,

        _____
        Jeffrey Sonnabend (JS1243)
        SonnabendLaw
        600 Prospect Avenue
        Brooklyn, NY 11215-6012
        718-832-8810
        JSonnabend@SonnabendLaw.com

        Dated: May 4, 2007